BURDEN v. PRATT, appellant.

*Evidence — right to cross-examine witness — delaying examination to another day — evidence of expert.*

A witness for plaintiff was examined and cross-examined. At the close of the cross-examination the defendant's attorney gave notice to the witness and plaintiff's attorney that he wished to further cross-examine the next day and desired the witness present at that time. The trial then continued, and other witnesses were examined. *Held*, that plaintiff was not bound to produce the witness on the following day, for further cross-examination.

A witness was asked: " What, in your opinion, ailed the horse ?" It had appeared from the evidence that witness had been about livery stables a good deal, doctored horses considerably, and knew the horse in question. *Held*, that witness was entitled to express an opinion as to the disease under which the horse was laboring.

APPEAL from a judgment in the Oswego county court, in favor of the plaintiff, entered upon the verdict of a jury in an action originating in a justice's court. The facts sufficiently appear in the opinion.

*S. N. Dada*, for appellant.

The evidence of the witness Somers should have been stricken out by reason of inability of defendant to cross-examine him. *Cole* v. *People*, 2 Lans. 370; *Sheffield* v. *R. & S. R. R. Co.*, 21 Barb. 339; *Forrest* v. *Kissam*, 7 Hill, 463.

*E. S. Pardee*, for respondent.

The testimony of the witness Hammond, as to the disease of the horse, was admissible. He was competent to express an opinion.

*Wiggins* v. *Wallace,* 19 Barb. 338; *Bearss* v. *Copley,* 10 N. Y. 93; *Bedell* v. *L. I. R. R. Co.,* 44 id. 367.

The refusal to strike out the testimony of the witness Somers was proper. *Forrest* v. *Kissam,* 7 Hill, 173; *Meakim* v. *Anderson,* 11 Barb. 216; *Sheldon* v. *Wood,* 2 Bosw. 285; *Treadwell* v. *Stebbins,* 6 id. 549; *Sheffield* v. *R. & S. R. R. Co.,* 21 Barb. 340.

MULLIN, P. J. This was an action for breach of warranty on the sale of a horse. It was commenced in a justice's court, and judgment for $200 rendered in favor of plaintiff against the defendant. An appeal was taken to the county court and the cause re-tried in that court, and judgment rendered in favor of plaintiff for $180, besides costs.

On the trial in the county court the plaintiff called one Somers as a witness. He was examined and was cross-examined by defendant's counsel. When the cross-examination closed, defendant's counsel stated in open court in the hearing of plaintiff's attorney and the witness, that he desired the witness to be present on the morrow, as he desired to further cross-examine him. Other witnesses were then called and the trial proceeded.

On the next day the court, at the request of defendant's counsel, directed the clerk to call Somers for further cross-examination. He was called but did not answer.

The defendant's counsel told the court that the witness had been told he (the counsel) should want to cross-examine him, and that he had told the witness that morning before the opening of the court that he should expect him in court as he desired to cross-examine him further.

The defendant's counsel then moved to strike out the direct examination of the witness, as he had notified the plaintiff's counsel and the witness that he desired to further cross-examine him, and the plaintiff's counsel had failed to produce him. The court denied the motion, and the defendant's counsel excepted.

The party producing a witness and examining him must have him in court to be cross-examined, and if he does not the direct examination will be stricken out.

If, however, the party desiring to cross-examine does so and he is not prevented by the plaintiff, or by the adjournment of the court from completing it, it is his duty to complete it and if he defers it to another day for his own convenience the opposite party is not

obliged to detain the witness, and if the latter absents himself, it is not the fault of the party calling him.

In this case it would seem that the defendant voluntarily suspended the examination till the next day, the trial continuing in the mean time. Notice to the plaintiff's counsel and the witness that he intended to resume the cross-examination at a future time imposed no duty upon the plaintiff or the witness. If defendants could compel the party to keep his witnesses for one day, he could for ten days, if the trial should continue so long. No such burthen can be imposed on one party by another for his own convenience.

The cases of *Cole* v. *The People*, 2 Lans. 370; *Sheffield* v. *R. & S. R. R. Co.*, 21 Barb. 339; *Forrest* v. *Kissam*, 7 Hill, 463, do not sustain any such practice.

To entitle the party to have evidence on direct examination stricken out, because the witness does appear to be cross-examined, the loss must be chargeable in some way to the misconduct or neglect of the party calling him, unless it is the other party is not entitled to relief.

It is not stated in the case that it contains all the evidence; we cannot review the findings of fact, nor any question connected with the facts.

The witness Hammond testified that he had been frequently in the livery, doctoring horses to a considerable extent. He knew the horse in question, and he was then asked what, in his opinion, ailed the horse.

To this question the defendant's counsel objected, on the ground that the witness was not qualified to express an opinion as an expert. The objection was overruled, and witness answered that the horse's lungs were diseased.

Neither the questions put to the witness to ascertain the extent of his skill nor his answers are as intelligible as would be desirable, but it did appear, as I understand the evidence, that he had been about livery stables a good deal, and doctored horses considerably, and knew the horse in question. This was enough to entitle him to express an opinion as to the disease under which the horse was suffering, and the objection was properly overruled.

The judgment of the county court must be affirmed.

*Judgment affirmed.*